660 A.2d 1370

**Terry B. SHERMAN, Appellant,**

v.

**FRANKLIN REGIONAL MEDICAL CENTER, Franklin Surgical Group, P.C., Louis J. Wagner, M.D., Leonard L. Peters, M.D., Frank A. Klinger, M.D., John O'Donnell, M.D., J.B. Keats, M.D., and Venango Diagnostic Imaging, Inc.**

Superior Court of Pennsylvania.

Argued March 22, 1995.

Filed June 30, 1995.

Curtis D. Hovis, Emlenton, for appellant.

Joanna K. Budde, Erie, for Franklin Surgical Group, appellee.

Before ROWLEY, President Judge, and KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the trial court's August 24, 1994 order granting summary judgment to appellees, Franklin Surgical Group, P.C., Louis J. Wagner, M.D., Leonard L. Peters, M.D., and Frank A. Klinger, M.D. Appellant, Terry Sherman, now presents two issues for our review:

I. [Can there] be no double recovery when a person has suffered two distinct injuries?

II. [Does] a lawsuit and verdict against medical practitioners not constitute a double recovery when Sherman received the liability policy limits from the tortfeasor, but was not fully compensated for his injuries and specifically excluded the medical practitioners from coverage in the signed release?

Appellant's Brief at 6.

On April 18, 1987, appellant, a passenger in a car which overturned, was severely injured. The car was owned by Karen Rankin ("Rankin") and operated by James Shaw ("Shaw"). Appellant was treated for his injuries at Franklin Regional Medical Center ("Franklin") and released two days later, but continued outpatient treatment with appellees until May 21, 1987, at which time appellant was released and advised that he could return to work. The doctors, however, failed to diagnose fractures of appellant's sternum and T–6 vertebrae, along with his hammer toes.[1] It was only after appellant consulted another physician that these injuries were discovered. Appellant, in fact, had suffered a 50% compression fracture of the T–6 vertebrae, and had a posterior spinal fusion on September 26, 1988.

Appellant subsequently commenced a lawsuit against both Rankin and Shaw for the injuries suffered in the accident. Thereafter, on April 14, 1989, appellant commenced the instant lawsuit against appellees.[2] In July 1989, appellant settled his lawsuit against Rankin and Shaw for a total of $103,000.00.[3] On receipt of these sums, appellant released

1. Appellant also had pain across his left chest; pain in his right foot and right dorsal region of his back; limitation of motion of the dorsal and lumbar regions of the back; tenderness over the paraspinal muscles in the dorsal spine; and severe injury to the right foot, ankle, right distal tibia and fibula.

2. In addition to appellees, the original defendants to this action included Franklin, John O'Donnell, M.D., J.B. Keats, M.D., and Venango Diagnostic Imaging, Inc. On July 7, 1993, the case was discontinued as to Keats and Venango. Subsequently, on December 2, 1993, summary judgment was granted in favor of O'Donnell and Franklin. That summary judgment order, however, is not before us on this appeal.

3. This money was composed of the $50,000 policy limit which Rankin had of insurance coverage on her vehicle; the $50,000 policy limit

Rankin, Shaw and their insurance carriers from any further liability. The releases specifically excluded appellees from their terms.

 Notwithstanding, appellees moved for summary judgment, claiming that appellant had been fully compensated for all his injuries by the settlement, including injuries resulting from their actions, and should not be permitted to recover twice for the same injuries. The trial court eventually granted appellees' motion on August 24, 1994. This timely appeal followed.

Preliminarily, we note that:

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. The moving party has the burden of proving the nonexistence of any genuine issue of material fact. The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Marks v. Tasman*, 527 Pa. 132, 134–35, 589 A.2d 205, 206 (1991) (citations omitted). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 434–35, 567 A.2d 680, 682 (1989). Moreover, summary judgment may not be had where the moving party relies exclusively upon oral deposition testimony. *Estate of Pew*, 409 Pa.Super. 417, 428, 598 A.2d 65, 71 (1991), *appeal denied*, 530 Pa. 645, 607 A.2d 255 (1992). An exception to this rule exists, however, where the moving party supports the motion by using admissions of the opposing party or the

which Shaw had of liability insurance; and $3,000, one fifth (⅕) of the $15,000 which appellant had of uninsured motorist benefits through his mother's automobile policy.

opposing party's own witnesses. *Pew*, 409 Pa.Super. at 428, 598 A.2d at 71. We have previously defined admissions as:

Confessions, concessions or voluntary acknowledgments made by a party of the existence of certain facts. More accurately regarded, they are statements by a party, or someone identified with him in legal interest, of the existence of a fact which is relevant to the cause of his adversary.

*Durkin v. Equine Clinics, Inc.*, 376 Pa.Super. 557, 569, 546 A.2d 665, 670 (1988) (quoting Black's Law Dictionary 47 (6th ed. 1990) (emphasis omitted), *appeal denied*, 524 Pa. 608, 569 A.2d 1367 (1989)).

Appellant now argues that the trial court erred in determining that appellant received full satisfaction for all his injuries from his settlement agreement with the original tortfeasors in the car accident. We agree.

▮ In granting summary judgment, the trial court stated: In support of their argument that [appellant] was previously compensated for all his injuries in the settlement . . . [appellees] point to the deposition testimony of the claims adjusters for the original tortfeasors. . . . [S]ummary judgment may not be granted solely on the basis of the oral deposition testimony presented on behalf of the moving party, even is such testimony is uncontradicted. . . . We are not faced with such a problem in the instant case. Other documents appended to [appellees'] motion support their contention that all damages and injuries were considered by the parties in the settlement. A list of medical bills, including the posterior spinal fusion expenses, that were considered by the insurers was provided for our consideration. Most significant, however, is [appellees'] Exhibit H, the letter dated May 15, 1989 sent by [appellant's] counsel to the claims supervisor of one of the settling insurance carriers. The letter summarizes the injuries suffered by the [appellant] as a result of the automobile accident, including the surgery of September 1988 and the resultant pain and suffering. The letter clearly establishes the scope of dam-

ages and injuries [appellant] was seeking to recover in his settlement. By seeking these same damages and injuries in his suit against the [appellees], [appellant] is attempting to gain a double recovery.

Trial Court Opinion 8/24/94.

We note that the May 15, 1989 letter, from appellant's counsel to the insurers, does mention the negligent medical treatment provided by appellees, and the attached medical bills contain the costs from all of appellant's injuries. However, we find that these are not admissions because appellant never specifically asserts in any of these documents that he was seeking settlement or recovery for all of his injuries from the insurers of the original tortfeasors. *Durkin, supra. See also Porterfield v. The Trustees of the Hospital of the University of Pennsylvania,* 441 Pa.Super. 529, 657 A.2d 1293 (1995) (summary judgment correctly granted where appellant's decedent at deposition specifically stated fact adverse to his interests); *Estate of Pew,* 409 Pa.Super. at 421, 429, 598 A.2d at 67, 71 (trial court properly granted summary judgment where letter was introduced from appellant's physician which expressly acknowledged that appellant was of blood type which conclusively established non-paternity). *Cf. Rochester Machine Corporation v. Mulach Steel Corp.,* 498 Pa. 545, 555–56, 449 A.2d 1366, 1371 (1982) (clear, *unequivocal* admission made in negotiations is admissible as long as it cannot be inferred that it is not inextricably connected to offer to compromise). In fact, the interpretation that appellant was seeking recovery from the insurers for all of his injuries contravenes the express language of the written releases, which specifically excluded appellees from the terms of the releases and which were sent to the same insurers in exchange for the settlement money. *See Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 328–29, 561 A.2d 733, 735 (1989) (effect of release must be determined from ordinary meaning of its language).

In addition, appellees assert that appellant's acceptance of only $3,000 of an available $15,000.00 in underinsured motorist

coverage clearly reveals that he was fully compensated for his injuries.

We have previously stated that:

The common law has traditionally attached great significance to the entry of a satisfaction of judgment. A plaintiff who is injured at the hands of more than one tortfeasor may sue and recover a judgment against any one or all of the tortfeasors and may attempt to collect the damages awarded by the judgment against any one or all of them. However, although a plaintiff may obtain a judgment against several tort-feasors for the same harm, he or she is entitled to only one satisfaction for that harm.

*Brandt v. Eagle,* 412 Pa.Super. 171, 176, 602 A.2d 1364, 1367 (1992) (*en banc*), *appeal denied,* 532 Pa. 653, 615 A.2d 1310 (1992).

In *Hilbert v. Roth,* 395 Pa. 270, 149 A.2d 648 (1959), our Supreme Court distinguished releases from satisfaction of judgments, stating:

It is not at all unreasonable that releases and satisfactions should be treated differently. A release, even after entry of a judgment, may well be the result of a compromise for less than the full value of the plaintiff's claim.... With respect to a satisfaction of judgment, however, particularly where, as here, it follows an adversary trial in which plaintiff proved his damages, it may more safely be assumed that the judgment does represent the true value of the claim and therefore, when the plaintiff has it marked satisfied of record, the common law assumption that he is satisfied may reasonably be permitted to operate.

*Hilbert v. Roth,* 395 Pa. at 274–75, 149 A.2d at 651–52.

Our own Court in *Brandt v. Eagle* determined that a plaintiff, who had marked the judgment satisfied against one tort-feasor, was barred from maintaining a second action against another tort-feasor for the same harm. *Brandt,* 412 Pa.Super. at 181, 602 A.2d at 1370. The *Brandt* court explained that one reason the judgment represented full satisfaction of the harm alleged was that the plaintiff had a full

adversary proceeding against the first tort-feasor before settling with them. *Brandt,* 412 Pa.Super. at 177–78, 602 A.2d at 1368 (citing *Frank v. Volkswagenwerk A.G.,* 522 F.2d 321, 326 (3rd Cir.1975)). *See also Blanchard v. Wilt,* 410 Pa. 356, 360, 188 A.2d 722, 725 (1963) (consent verdict was not legal equivalent of judgment entered in action after adversary proceeding and thus, entry and satisfaction of consent verdict did not preclude present action).

Here, the evidence suggests that the settlement amount of $103,000 may not be the true value of appellant's claim. First, appellees are not joint tortfeasors with Rankin and Shaw. *E.g., Voyles v. Corwin,* 295 Pa.Super. 126, 131, 441 A.2d 381, 384 (1982) (tortfeasors originally causing an injury and physicians who subsequently aggravate or cause a new injury are not joint tortfeasors). Consequently, appellant's attempt to apportion the damages caused by appellees from the injuries incurred in the accident, along with the fact that he had specifically excluded appellees from the terms of the releases with the original tortfeasors, suggest that the settlement figure did not fully compensate him. *See* (Letter from Dr. Michael Blank to Robert Mecker of 11/6/89, at 1); *Buttermore, supra.* Finally, and most importantly, appellant has not yet had the opportunity to prove his damages at an adversarial proceeding. *Brandt, supra,* 412 Pa.Super. 171, 602 A.2d 1364; *Hilbert, supra,* 395 Pa. 270, 149 A.2d 648. *See also Frank,* 522 F.2d at 326 (Third Circuit found that where there had been no prior adversary action on the merits, Pennsylvania courts would look closely at circumstances of prior settlement to see whether it represented true value of claim). Thus, we believe that the money appellant received in the settlement agreement with Rankin and Shaw may have been merely a compromise for less than full value of his entire claim, and not in full satisfaction for his injuries. *See Hilbert, supra.*

Accordingly, we find that the trial court erred in granting summary judgment, and we reverse and remand.

Reverse and remanded. Jurisdiction relinquished.