J-S65013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MOLLIE ANN EDWARDS FAMILY TRUST, BY MOLLIE ANN EDWARDS, TRUSTEE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CARITE CO., A PENNSYLVANIA CORPORATION, CARSTENSEN, INC., A PENNSYLVANIA CORP., CARSTENSEN, INC., A PENNSYLVANIA CORP. | |
| Appellee | No. 143 WDA 2016 |

Appeal from the Order December 21, 2015
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2014-1106, 2014-1110, 2014-4740

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 9, 2016**

Mollie Ann Edwards Family Trust (the "Trust"), by Mollie Ann Edwards, Trustee, appeals from the order entered in the Court of Common Pleas of Cambria County, which granted summary judgment in favor of Carite Co. ("Carite") and Carstensen, Inc. ("Carstensen").  Upon review, we affirm.

The trial court summarized the relevant facts and procedural history as follows:

> This case arises from a dispute between [the Trust (the "Buyer")] and [Appellees, Carite and Carstensen, which are owned by the same individual or individuals (the "Seller")], regarding three properties.  First[,] at Case No. 2014-1106,

---

[*] Retired Senior Judge assigned to the Superior Court.

Seller sold Buyer a building it owned since 1968 at 207 Diamond Boulevard in Johnstown, Pennsylvania on March 22, 2013. Seller completed a "Seller's Property Disclosure Statement" on February 20, 2013, noting that Seller "had leaky roof replaced." On August 28, 2013, Buyer "discovered several roof leaks and the necessity of a roof replacement[.]"

Second[,] at Case No. 2014-1110, Seller sold Buyer a building it owned since 1957 at 304 State Street in Johnstown, Pennsylvania on April 19, 2013. Seller completed a "Seller's Property Disclosure Statement" on March 13, 2013, noting "that the roof had been replaced or repaired during its ownership, that the existing roofing material had not been removed, and that the roof had leaked and was the 'reason for the roof replacement.'" On August 28, 2013, Buyer "discovered several roof leaks and the necessity of a roof replacement[.]"

Third[,] at Case No. 2014-4740, Seller sold Buyer a building it owned since 1969 at 101-101½ Diamond Boulevard in Johnstown, Pennsylvania on April 19, 2013. Seller completed a "Seller's Property Disclosure Statement" on February 20, 2013, noting "that the roof had not been replaced or repaired during its ownership, that the roof had not leaked during its ownership, and there had not been any problems with the roof[.]" In the summer of 2014, Buyer "discovered several roof leaks and the necessity of a roof repair and/or replacement[.]"

On March 13, 2014, Buyer filed [c]omplaints alleging in all three cases: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) violation of the Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"); and (4) failure to provide an accurate seller disclosure [pursuant to the Pennsylvania Real Estate Seller's Disclosure Law ("RESDL")]. At Case No. 2014-4740, Seller filed an [a]nswer and [n]ew [m]atter raising, *inter alia*, affirmative defenses of truth, waiver, and estoppel. Seller filed [a]nswers without raising any [n]ew [m]atters in the other cases.

On October 20, 2015, Seller filed [m]otions for [s]ummary [j]udgment and supporting briefs[,] arguing in all three cases, [which had been consolidated,] that Buyer failed to present evidence of any of her claims. . . . By [o]rder dated December 21, 2015, the trial court granted Seller's [m]otions for [s]ummary [j]udgment.

Trial Court Opinion, 4/1/16, at 1-3.

The Trust filed a timely notice of appeal and court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, the Trust raises the following issues for our review:

1. Whether the [t]rial [c]ourt erred in granting the [m]otion for [s]ummary [j]udgment[,] which [the Trust] contends was against the weight of the evidence[.]

2. Whether the [t]rial [c]ourt erred in failing to properly give the evidence presented by [the Trust] the proper weight [] under the standard of viewing [the] evidence in [the] light most favorable to [the Trust].

Brief of Appellant, at 4.

When reviewing an order granting summary judgment, our scope of review is plenary, and

[o]ur Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 84 (Pa. Super. 2015) (en banc) (brackets omitted).

In its first issue on appeal, the Trust asserts that the trial court erred in granting summary judgment against the weight of the evidence. However, because the determination of whether to grant summary judgment is a matter of law, the weight of the evidence is a standard that does not apply. Accordingly, this argument lacks relevance in the instant matter.

Next, the Trust argues that the trial court erred by failing to view the evidence in the light most favorable to it as the non-moving party. More specifically, the Trust asserts that the three properties sold to it had the same defect that was not properly disclosed, these transactions took place in rapid succession to liquidate the Seller's real estate holdings, and, "[t]aken as a whole, [Seller's] actions begin to rise to a level of fraud." Brief of Appellant, at 10. The Trust argues that "[Seller] provided no evidence to contradict [the Trust's] assertions that [Seller] had knowledge of the roof leaking at the time of the sale or when the Seller's Property Disclosure Statement was executed." *Id.* at 11. On this basis, the Trust asserts that it has sufficiently pled the causes of action raised in its complaint and that genuine issues of material fact preclude the grant of summary judgment.

The causes of action included in the Trust's complaint include fraudulent misrepresentation, negligent misrepresentation, and violations of

the RESDL and the UTPCPL.[1]  We note that "[i]n real estate transactions, fraud arises when a seller **knowingly** makes a misrepresentation, undertakes a concealment calculated to deceive, or commits non-privileged failure to disclose." *Blumenstock v. Gibson*, 811 A.2d 1029, 1034 (Pa. Super. 2002) (emphasis added).  However, "[u]nsupported assertions and conclusory accusations cannot create genuine issues of material fact as to the existence of fraud." *Id.*  As to negligent misrepresentation, the cause of action "differs from intentional misrepresentation in that to commit the former, the speaker need not know his or her words are untrue, but must have failed to make reasonable investigation of the truth of those words." *Gibbs v. Ernst*, 647 A.2d 882, 890 (Pa. 1994).  The RESDL requires a seller's disclosure of "material defects with the property **known** to the seller by completing all applicable items in a property disclosure statement." 68 Pa.C.S. § 7303 (emphasis added).

Instantly, as to the property at 207 Diamond Boulevard, Seller indicated in its property disclosure that the roof had leaked and had been replaced during its ownership.  The date the roof was installed was marked as "unknown." *See* Seller's Property Disclosure for 207 Diamond Boulevard. Trustee acknowledged that she did not know or inquire when the Seller had replaced the roof and elected not to inspect the roof.  Mollie Ann Edwards

---

[1] The UTPCPL claim has been withdrawn by the Trust, however, since such an action can be brought only by a consumer, not a commercial owner.

Deposition, 6/9/15, at 38-44. Moreover, to her knowledge, the roof did not leak from the time she purchased the property in March 2013 until some point in August 2013. *Id.* at 37.

Regarding the property at 304 State Street, Seller disclosed that the roof had leaked, had been replaced during its ownership, and that leaks had been the reason for replacing the roof. The date the roof was installed was marked as "unknown." *See* Seller's Property Disclosure for 304 State Street. Trustee indicated that neither she nor anyone on her behalf examined the property prior to purchasing it. Edwards Deposition, 6/9/15, at 15. Trustee did not ask questions about the condition of the roof, waived her right to inspect the roof, was not concerned as to the age of the roof, and had never spoken with anyone who led her to believe that Seller knew there were active leaks on the property. *Id.* at 23-24, 30-32.

As to the property at 101-101½ Diamond Boulevard, Seller indicated that the roof had not leaked and had not been replaced, and it was not aware of problems with the roof. *See* Seller's Property Disclosure for 101-101½ Diamond Boulevard. Trustee acknowledged that she was aware the roof was installed in 1972 to 1973, as disclosed by Seller, but she expected a roof to last longer than 42 to 43 years. Edwards Deposition, 6/9/15, at 57-58. However, Trustee also acknowledged that the roof did not leak for at least 18 months after she closed on the property. *Id.* at 56.

The record regarding the sale of the properties in this matter is comprised of the foregoing disclosures of Seller and deposition testimony of

Trustee. Even when viewed in the light most favorable to the Trust, the record shows that the Trust has made nothing more than unsupported and conclusory assertions that misrepresentations took place. Thus, no issues of material fact exist. **Blumenstock**, **supra**.

As an additional argument, the Trust asserts that the Court prematurely entered summary judgment, relying upon the **Nanty-Glo**[2] Rule as set forth in **Penn Ctr. House, Inc. v. Hoffman**, 553 A.2d 900, 903 (Pa. 1989) ("a court may not summarily enter a judgment where the evidence depends upon oral testimony"). However, this argument was not included in the Trust's Pa.R.A.P. 1925(b) statement. Accordingly, it has not been preserved for our review.[3]

Order affirmed.

PLATT, J., Joins the memorandum.

OLSON, J., Concurs in the result.

_____

[2] **Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932).

[3] Even if the issue had been preserved, we note that an exception to the rule exists "where the moving party supports the motion by using admissions of the opposing party." **Sherman v. Franklin Reg'l Med. Ctr.**, 660 A.2d 1370, 1372 (Pa. Super. 1995). Here, the motion for summary judgment was supported by admissions of Trustee such that the **Nanty-Glo** Rule is not implicated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2016