J-A31019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL L. AND JESSIE PINCUS | : | |
| | : | |
| Appellants | : | No. 21 EDA 2017 |

Appeal from the Order Entered November 29, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
2014-11643-RC

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 09, 2018**

Appellants, Michael L. and Jessie Pincus, appeal from an order entered on November 29, 2016 in which the Court of Common Pleas of Chester County granted summary judgment in favor of Citizens Bank of Pennsylvania ("Citizens") on its mortgage foreclosure claims.  We affirm.[1]

_____

[1] Although counsel represented Appellants before the trial court, Michael L. Pincus, acting *pro se*, alone signed Appellants' brief to this Court.  In addition, Mr. Pincus appeared at oral argument seeking to present argument on behalf of both he and his wife.  This practice is not permitted. **See *David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1054 (Pa. Super. 2017) ("With very few exceptions, the general rule is that non-attorneys are unable to represent parties before Pennsylvania courts and most administrative agencies.").  Thus, while Mr. Pincus enjoyed the right to appear on his own behalf, he does not have the right to represent his wife before this Court.  In light of our disposition of the merits of this appeal, however, we need not formulate a remedy for Mr. Pincus's transgression.

_____

\*   Former Justice specially assigned to the Superior Court.

The historical and procedural facts in this case are as follows. On December 30, 2003, Michael L. Pincus executed a home equity line of credit agreement with a principal amount of $250,000.00 in favor of Citizens. The agreement was secured by a mortgage that created a lien against Appellants' residence in West Chester, Pennsylvania. The mortgage, which Appellants both signed, was recorded in the Chester County Office of the Recorder of Deeds on March 12, 2004. Appellants made payments toward their obligation with Citizens until February 2014, when the last payment was tendered. Citizens forwarded statutory notice of default to Appellants on July 9, 2014. On July 9, 2014, Appellants met with an agent of the Pennsylvania Housing Finance Agency ("PHFA") and completed an application to participate in the Homeowners Emergency Assistance Program. PHFA, however, denied Appellants' application for assistance on September 9, 2014.

Citizens filed its complaint in this mortgage foreclosure action on November 25, 2014. Appellants filed their answer, together with new matter, on December 29, 2014. Citizens replied to Appellants' new matter on January 16, 2015.

Appellants applied to Citizens for a loan modification on April 6, 2015. On April 16, 2015, Citizens advised Appellants' counsel by letter that Appellants' application for loan modification was incomplete because it failed to include all requested documents. Citizens also advised Appellants that they needed to submit all required documents no later than May 30, 2015 to

avoid removal from the loss mitigation program. Citizens thereafter did not receive the necessary documents and, on May 20, 2015, sent a second letter to Appellants' counsel that the requested documents were needed on or before May 30, 2015. Because Appellants' loss mitigation materials were not received in a timely manner, Citizens rejected Appellants from the loss mitigation program on June 4, 2015.

Citizens served Appellants with discovery requests on June 13, 2016, including requests for admissions, interrogatories, and document requests. Appellants served their responses on July 29, 2016. On August 24, 2016, Citizens filed its motion for summary judgment. Appellants filed their response to Citizens' motion for summary judgment on September 20, 2016. The trial court granted Citizens' motion on November 29, 2016.

On December 8, 2016, Appellants filed a petition asking the court to reconsider its order granting Citizens' motion for summary judgment. The petition alleged that Appellants were denied equal protection under the United States and Pennsylvania Constitutions because Chester County did not adopt a foreclosure mediation program as other counties in Pennsylvania had done. The trial court denied Appellants' petition on December 13, 2016.

On December 23, 2016, Appellants filed a notice of appeal from the order granting Citizens' motion for summary judgment. Thereafter, on January 3, 2017, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 12, 2017, Appellants filed a notice of appeal from the court's

December 23, 2016 order denying their motion for reconsideration. On January 18, 2017, Appellants filed a concise statement asserting that the affidavit and documents submitted by Citizens in support of its motion for summary judgment constituted inadmissible hearsay. No other issues were asserted. The trial court issued its Rule 1925(a) opinion on February 14, 2017.

Appellants' brief raises the following questions for our review.

[Did the trial court err in considering the affidavit and documents submitted by Citizens to establish Appellants' payment history under their loan agreement?]

[Was Citizens obligated to set up a face-to-face meeting with Appellants to negotiate in good faith a payoff amount to avoid mortgage foreclosure litigation?]

[Should the trial court have denied Citizens' motion for summary judgment because the lender ignored Appellants' efforts to pay off the outstanding amount owed under the loan?]

[Were Appellants denied equal protection of the law under the United States and Pennsylvania Constitutions because Chester County did not adopt a mortgage foreclosure mediation program?]

Appellants' Brief at 3-4.[2]

Appellants assert that the trial court erred in granting Citizens' motion for summary judgment.

We review an order granting summary judgment for an abuse of discretion. ***Indalex, Inc. v. Nat'l Union Fire Ins. Co. of***

---

[2] We have re-ordered Appellants' claims to facilitate our review.

> ***Pittsburgh, PA***, 83 A.3d 418, 420 (Pa. Super. 2013). Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. ***Id.*** A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014).

The holder of a mortgage has the right, upon default, to bring a foreclosure action. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1056–57 (Pa. Super. 1998). Summary judgment is proper in mortgage foreclosure litigation where the defendant admits the failure to make payment and fails to state a cognizable defense to the plaintiff's claim. ***Gateway Towers Condominium Ass'n v. Krohn***, 845 A.2d 855 (Pa. Super. 2004).

Although Appellants' initial claim is undeveloped, they appear to argue that the trial court erred in granting summary judgment because evidence of their payment history and default was established by the affidavit of a loan officer and supporting documentation. Appellants are correct that Pennsylvania law ordinarily prohibits the entry of summary judgment based on the moving party's oral testimony. ***See Sherman v. Franklin Regional Med. Ctr.***, 660 A.2d 1370, 1372 (Pa. Super. 1995); ***Nanty–Glo v. American Surety Co.***, 163 A. 523 (Pa. 1932). "An exception to this rule exists, however, where the moving party supports the motion by using

admissions of the opposing party...." **Sherman**, 660 A.2d at 1372. Such admissions include facts admitted in pleadings. **Durkin v. Equine Clinics, Inc.**, 546 A.2d 665, 670 (Pa. Super. 1988).

Here, Appellants generally denied the material portions of Citizens' complaint and their responses to discovery did not contradict Citizens' factual averments surrounding Appellants' payment history and default. General denials constitute admissions where specific denials are required. **See** Pa.R.C.P. 1029(b). Appellants' admissions with respect to the material allegations of Citizens' complaint permitted the trial court to enter summary judgment in this case. Moreover, the affidavit of Citizens' loan officer referenced loan history documents, which are records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation. **See** Pa.R.E. 803(6). In sum, the trial court did not abuse its discretion in considering the affidavit and documents proffered by Citizens.

Appellants' next two claims assert that the trial court should have denied summary judgment because Citizens overlooked or ignored Appellants' efforts to negotiate a payoff of their loan obligations and avoid foreclosure. These claims do not merit relief. As a preliminary matter, Appellants did not include these issues in a court-ordered concise statement; hence, they are waived. Even if they are not waived, these claims are unavailing. This Court has held that new regulations, entitled "Mortgage Servicing Rules under the Real Estate Settlement Procedures Act (Regulation

X),'" codified at 12 C.F.R. §§ 1024.30 *et seq*., prohibit a loan servicer from foreclosing on a property if the borrower has submitted a completed loan modification, or loss mitigation, application. ***Bank of New York Mellon v. Brooks***, 169 A.3d 667, 670 (Pa. Super. 2017). Here, however, the record establishes that Appellants never submitted a completed loan modification, or loss mitigation, application. Indeed, Appellants' December 8, 2016 petition for reconsideration asserts that they never filed a loan modification. ***See*** Petition for Reconsideration, 12/8/16, at 1. The record further reflects that Citizens twice informed Appellants that their application materials were incomplete and that the required documents needed to be submitted no later than May 30, 2015. Appellants were deemed ineligible for Citizens' modification/mitigation program only after the deadline passed without the submission of a timely and complete application. Accordingly, Appellants' second and third claims fail.

Appellants' final claim asserts that they were denied equal protection of the law because Chester County did not adopt a mortgage foreclosure mediation program, as other Pennsylvania counties had done, at the urging of the Pennsylvania Supreme Court. Again, Appellants waived appellate review of this claim by failing to include it in a court-ordered concise statement. In addition, Chester County was not obligated to adopt such a program and Appellants cite no authority for the proposition that they were

entitled to rely on the adoption of such a program. Thus, this claim also fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/18