J-S44003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PNC BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALICIA HAZZARD | : | |
| | : | |
| Appellant | : | No. 951 EDA 2023 |

Appeal from the Order Entered March 7, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2022-18701

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED JANUARY 31, 2024**

Appellant, Alicia Hazzard, appeals from order dated March 7, 2023 granting summary judgment in the amount of $327,355.43, plus interest, in this mortgage foreclosure action initiated by Appellee, PNC Bank National Association ("PNC Bank"). We affirm.

The trial court ably set forth the factual and procedural history of this case as follows.

> This matter is an *in rem* mortgage foreclosure action, in which [PNC Bank] sought a judgment against Appellant for allegedly defaulting on her mortgage. On May 26, 2005, Appellant executed and delivered a promissory note in the amount of $310,500.00 with National City Bank of Indiana. The promissory note was secured by a mortgage upon the property located [along] Township Line Road, North Wales, [Pennsylvania], 19454 ([hereinafter, the] "Property"), recorded on June 8, 2005. On October 8, 2010, Principal Bank was assigned the mortgage from National City Bank of Indiana. The

---

[*] Retired Senior Judge assigned to the Superior Court.

mortgage was thereafter recorded. On August 12, 2022, the mortgage was then assigned to [PNC Bank] and was recorded in the Office of the Recorder of Deeds for Montgomery County[, Pennsylvania]. On September 30, 2022, [PNC Bank] filed the present mortgage foreclosure action. In its complaint, [PNC Bank] asserted that Appellant was in default of the underlying [promissory note] because she failed to make any of the required payments due after January 1, 2021. Due to the purported [default], [PNC Bank] accelerated the loan and sent a notice of default to Appellant in September 2021. As of September 28, 2022, [PNC Bank] stated that Appellant owed a total amount of $326,627.90. On November 14, 2022, Appellant filed an answer and new matter, primarily contending that [PNC Bank] was not the proper holder of the original promissory note and also [did] not have possession of it. On December 5, 2022, [PNC Bank] filed a reply to the new matter, contending that Appellant's assertions were without merit, averring that its complaint sufficiently supplied all the requisite information to maintain a mortgage foreclosure action. Shortly thereafter, on January 18, 2023, [PNC Bank] filed a motion for summary judgment. Around the same time[,] on February 28, 2023, Appellant filed a motion to compel responses to [her discovery requests]. On March 7, 2023, the trial court granted [PNC Bank's] motion for summary judgment. [This timely appeal followed.]

Trial Court Opinion, 5/25/23, at 1-2 (unnecessary capitalization omitted).

Appellant raises the following issues on appeal:

1. Whether [PNC] Bank was entitled to judgment as a matter of law given that discovery in the matter had just commenced and was not completed?

2. Whether the trial court erred in granting complete summary judgment because there existed a genuine issue of material fact over the non-principal and interest damages given the contested credibility of [PNC] Bank's affiant[?]

Appellant's Brief at 5.

Appellant's claims on appeal revolve around the trial court's disposition of PNC Bank's motion for summary judgment. Our standard of review is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

In Appellant's first issue, she argues that the trial court improperly granted PNC Bank's motion for summary judgment before discovery was completed. Appellant claims that she "had a right to receive the discovery she requested – a right to which she [was] denied as a result of the trial court['s entry of] summary judgment." Appellant's Brief at 12. We disagree.

Motions for summary judgment are governed by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. It states, in relevant part, as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

The official note to Rule 1035.2 states, in pertinent part:

Note: Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which entitles the moving party to judgment as a matter of law.

The evidentiary record may be one of two types. Under subdivision (1), the record shows that the material facts are undisputed and, therefore, there is no issue to be submitted to a jury.

* * *

Under subdivision (2), the record contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to a jury. The motion in this instance is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense.

* * *

Only the pleadings between the parties to the motion for summary judgment must be closed prior to filing the motion.

Pa.R.C.P. 1035.2, Note.

Moreover, our Supreme Court previously explained that "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material

fact. Thus, the question is whether additional discovery would have aided in the establishment of any material fact." ***Manzetti v. Mercy Hosp. of Pittsburgh***, 776 A.2d 938, 950-951 (Pa. 2001) (citation omitted).

The foregoing establishes that Appellant's contention that the trial court erred in granting summary judgment solely because discovery was on-going is without merit. Indeed, Rule 1035.2(2), the official note to Rule 1035.2, and our Supreme Court in ***Manzetti*** make explicitly clear that, after the pleadings are closed, summary judgment is appropriate if there is no genuine issue of material fact which could be established by additional discovery. Hence, there is no merit to Appellant's contention that discovery *must* be complete before summary judgment may be filed or entered.[1]

Next, Appellant argues that the trial court erred in granting summary judgment because a dispute of material fact existed regarding the "additional damages," *i.e.*, the damages "not defined as principal and interest," under the loan. Appellant's Brief at 13. Appellant claims that PNC Bank supported its damages claim "only by the testimony of an [a]ffiant" which is prohibited by

---

[1] Appellant also contends that, because Montgomery County Local Rule 200(4) "creates a time frame that the parties are to complete discovery," *i.e.*, 18 months from the date of the commencement of the civil action, and does not provide for an "acceleration of [that] time," the trial court erred in granting PNC Bank's motion for summary judgment. Appellant's Brief at 11. Appellant's reliance on Local Rule 200(4) is misplaced. Indeed, Montgomery County Local Rule 200(2) provides that "[n]othing in this rule shall relieve the parties from the duty to move a civil action forward expeditiously, including . . . [by] timely filing dispositive motions." ***Id***. Hence, the fact that Local Rule 200(4) outlines a timeframe for discovery is of no consequence here as the rule itself encourages litigants to promptly move cases forward by, *inter* alia, filing dispositive motions.

***Borough of Nanty-Glo v. American Surety Co. of New York***, 163 A. 523 (Pa. 1932).  ***Id***.  Appellant also points to the fact that the "details of these extra contractual damages [were] the subject mat[t]er of [the] written discovery" she sought and was subsequently denied by the trial court's order granting summary judgment.  ***Id***.  Based upon the foregoing, Appellant claims that a dispute of material fact existed, rendering summary judgment inappropriate.

When a party is confronted with a motion for summary judgment, Pennsylvania Rule of Civil Procedure 1035.3 provides that

> (a) . . . the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > ***
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a)(1)-(2).  The official note to Rule 1035.3, however, also explains,

> [i]f the moving party has supported the motion with oral testimony only, the response may raise the defense that there is a genuine issue of material fact because the cause of action is dependent upon the credibility and demeanor of the witnesses who will testify at trial.  ***See Nanty-Glo***, [***supra***]; ***Penn Center House, Inc. v. Hoffman***, 553 A.2d 900 (Pa. 1989).

*Id.* (parallel citations omitted).

In an *in rem* foreclosure proceeding due to the defendant's failure to pay a debt, this Court has stated that "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default[,] the mortgagor has failed to pay the obligation, and the recorded mortgage is in the specified amount." ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 465 (Pa. Super. 2014). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." ***Cunningham v. McWilliams***, 714 A2d 1054, 1057 (Pa. Super. 1998) (citation omitted).

Importantly, it is well-settled that "***Nanty-Glo*** is not implicated when an affidavit in a mortgage foreclosure action is also supported by the defendants' admissions." ***VC RTL Holdings, LLC v. JBKK Enterprises, LLC***, 2023 WL 1794603 *1, *6 (Pa. Super. 2023), *citing* ***Sherman v. Franklin Regional Med. Ctr.***, 660 A.2d 1370, 1372 (Pa. Super. 1995) ("An exception to [the ***Nanty-Glo***] rule exists . . . where the moving party supports the motion by using admissions of the opposing party"). It is equally well-settled that, in a mortgage foreclosure action, a party may not avoid summary judgment based upon a pleading in which he or she set forth a general denial to an allegation. To the contrary, "general denials by mortgagors . . . must be considered an admission of those facts." ***Gibson***, 102 A.3d at 467; ***see also First Wisconsin Tr. Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995) ("This court has held, however, that, in mortgage foreclosure actions,

general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts.").

A review of the record reveals, first, that PNC Bank "is the current holder of both [the] mortgage and the note by way of assignment" and, as such, PNC Bank "is the real party in interest and ha[d] the right to bring [the] mortgage foreclosure action." Trial Court Opinion, 5/25/23, at 4. In addition, in her answer and new matter, Appellant admitted "that she executed the underlying promissory note and mortgage as it relates to [t]he Property and that she received the required pre-foreclosure notices by [PNC Bank]." *Id.* Lastly, Appellant effectively admitted to defaulting on the mortgage, as well as the total indebtedness, because she "offered nothing to contradict [PNC Bank's] claim except [for] general denials." *NS/CS Highland, LLC v. Tamiment*, 2019 WL 5549543 *1, *5 (Pa. Super. Oct. 28, 2019) (unpublished memorandum). Appellant's general denials regarding the default and the specific amount of the default are therefore deemed admitted. Thus, in contrast to Appellant's claims, PNC Bank's motion for summary judgment was not supported, solely, by testimony of an affiant, but by Appellant's admissions. Further, "[b]ecause [PNC Bank], as the holder of the mortgage and note [] effectively established that Appellant [was] in default, [that] she failed to pay on the obligation, and that the record mortgage is in the specified amount," the trial court correctly determined that PNC Bank was entitled to summary judgment as a matter of law. Trial Court Opinion, 5/25/22, at 5.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/31/2024