J-A25023-17

2018 PA Super 27

| WELLS FARGO BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL A. JOSEPH AND OCTAVIA JOSEPH | |
| APPEAL OF CARL A. JOSEPH | No. 636 EDA 2017 |

Appeal from the Order entered January 17, 2017
In the Court of Common Pleas of Monroe County
Civil Division at Nos: 2014 CV 3953

BEFORE: OTT, STABILE, JJ., and STEVENS, P.J.E.*

OPINION BY STABILE, J.:                    **FILED FEBRUARY 13, 2018**

Appellant, Carl A. Joseph, appeals from an order entered in the Monroe County Court of Common Pleas, Civil Division, granting summary judgment to Wells Fargo Bank, N.A. in this mortgage foreclosure action. We affirm.

The factual and procedural history of this case is as follows. On March 3, 2010, Appellant and his wife, Octavia Joseph, executed a promissory note in the principal amount of $205,321.00 (the "Note") in favor of Wells Fargo Bank, N.A. ("the Bank") evidencing their obligation to repay a loan made to them by the Bank in that same amount (the "Loan"). The Note stated in bold letters: "Notice: this loan is not assumable without the approval of the

_____

* Former Justice specially assigned to the Superior Court.

Department of Veteran Affairs or its authorized agent." The Bank endorsed the Note in blank making it a bearer instrument.

On the same date, to secure payment of their obligations under the Note, the Josephs executed a mortgage (the "Mortgage") granting the Bank and its successors and assignees a first lien security interest on real property located at 198 White Pine Trail, Tannersville, Pennsylvania, 18372 (the "Property"). The Bank recorded the Mortgage in the Office of the Recorder of Deeds for Monroe County.

The Josephs defaulted on the Mortgage by failing to make the monthly payment due on July 1, 2013 and thereafter. On October 29, 2013, the Bank sent a combined notice pursuant to the Homeowners Emergency Mortgage Assistance Act, commonly known as Act 91, 35 P.S. §§ 1680.401c, *et seq*. ("Act 91"), and the Loan Interest Protection Law, commonly known as Act 6, 41 P.S. §§ 101 *et seq*. ("Act 6") (collectively, the "Act 91 Notices"), to the Josephs. The Act 91 Notices advised that the Mortgage was in default due to the Josephs' failure to make monthly payments from July 1, 2013 through October 1, 2013 and the total amount due to cure the default. The Act 91 Notices also informed the Josephs of the procedures for applying for assistance to avoid foreclosure. The Josephs failed to cure their payment defaults under the Note and Mortgage.

On May 13, 2014, the Bank filed a complaint in mortgage foreclosure against the Josephs seeking judgment in the amount of $242,593.26. The

Bank averred that it was the payee of the Note, was in possession of the Note, and was the current mortgagee.

Thereafter, Appellant applied to Wells Fargo for mortgage assistance. In a letter to Appellant dated May 11, 2016, Paul Gruber, an Executive Resolution Specialist for Wells Fargo Home Mortgage, advised that the Bank considered Appellant for five assistance programs but denied Appellant's request for assistance because his income was too low to "create an affordable mortgage payment" in accordance with program requirements. Gruber expressly stated that Wells Fargo Home Mortgage is a division of the Bank.

On August 8, 2016, Appellant filed a one-paragraph answer to the Bank's complaint alleging that the total amount due "was in dispute significantly" and that the Bank "is not the legal possessor[] of said original and is therefore not legally able to bring any action against Defendants."

In a letter dated November 10, 2016, Appellant requested that the Bank identify the current owner of the Loan. On November 22, 2016, Gruber sent Appellant a letter advising that Wells Fargo Home Mortgage was the servicer and owner of the Loan **and** that Wells Fargo Home Mortgage was a division of the Bank.

On November 21, 2016, the Bank filed a motion for summary judgment and attached as exhibits, *inter alia*, copies of the loan history, the recorded Mortgage, the original blank endorsed Note, the affidavit of Cynthia A.

Thomas, the Bank's Vice President of Loan Documentation, and the Act 91 Notices sent to the Josephs.

On January 10, 2017, Appellant filed a response to the Bank's motion for summary judgment. He argued that the Bank (a) lacked standing because the Mortgage was allegedly transferred to Wells Fargo Home Mortgage; (b) failed to comply with a federal regulation relating to veterans affairs, 38 C.F.R. § 36.4278(g); and (c) failed to comply with 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") by not providing notice of a transfer or assignment of the Mortgage. Appellant also filed his own cross-motion for summary judgment and a motion for leave to file an amended answer to the Bank's complaint that added the TILA defense and the defense that the Bank failed to comply with 38 C.F.R. § 36.4278(g). Nowhere in these filings, however, did Appellant dispute that the Mortgage was in default.

On January 17, 2017, the trial court granted the Bank's motion for summary judgment, denied Appellant's cross-motion for summary judgment, denied Appellant's motion for leave to file an amended answer, and entered judgment of $281,274.75 in favor of the Bank. Appellant filed a timely appeal to this Court,[1] and both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Appellant raises the following issues:

---

[1] Octavia Joseph did not appeal.

- 4 -

1. Did the trial court err in granting summary judgment to [the Bank] when it relied upon the testimonial affidavit of Cynthia A. Thomas, when such affidavit was based upon information and belief, rather than personal knowledge?

2. Did the trial court err in entering summary judgment in [the Bank]'s favor when a genuine issue of material fact was raised by [Appellant] in opposition to [the Bank's] motion regarding the ownership of the [M]ortgage, based upon exhibits produced by the defendant, including correspondence from the servicer Wells Fargo Home Mortgage?

3. Did the trial court err in granting summary judgment to [the Bank] when [Appellant's] response raises an issue of material fact whether [the Bank] complied with the Veterans' Administration regulations, which are specifically referenced in the promissory [N]ote?

4. Did the trial court err in granting summary judgment to [the Bank] when it determined that the subject [M]ortgage was not subject to Veterans' Administration regulations despite an acknowledgment by [the Bank], which was attached as an exhibit to [Appellant's] response in opposition to summary judgment, to the contrary?

5. Did the trial court err in denying [Appellant's] motion to amend [his] answer and new matter to include affirmative defenses of lack of standing to sue and failure to meet several conditions precedent, including [TILA] requirements and Veterans' Administration regulations; and to include a counterclaim for violation of section 131(g) of the [TILA], when judgment had not yet been entered on [the Bank]'s motion for summary judgment, when [Appellant] raise a potentially meritorious defense, and when amendment would have served the interests of justice and would not have prejudiced [the Bank]?

Appellant's Brief at 4-5.

The Pennsylvania Rules of Civil Procedure authorize parties to move for summary judgment "whenever there is no genuine issue of any material fact

as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1).

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.
>
> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted). The party opposing the motion for summary judgment must produce evidence essential to the cause of action, without merely resting upon the allegations or denials in the pleadings. Pa.R.C.P. 1035.3(a).

In his first argument on appeal, Appellant contends that the entry of summary judgment violated the rule of *Nanty–Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932), because the trial court relied solely on the testimonial affidavit of Cynthia Thomas, an officer at the Bank. *Nanty–Glo* prohibits

entry of summary judgment based solely on the moving party's oral testimony. *See Sherman v. Franklin Regional Med. Ctr.*, 660 A.2d 1370, 1372 (Pa. Super. 1995). *Nanty-Glo* is inapplicable here for two reasons. First, the Bank did not seek summary judgment based on Thomas' affidavit alone; it also submitted a loan report demonstrating that the Josephs defaulted on mortgage payments from July 1, 2013 onward. The loan history is admissible as a record of regularly conducted activity or a business record. *See* Pa.R.E. 803(6); 42 Pa.C.S.A. § 6108. Second, *Nanty-Glo* does not apply when the moving party supports its motion with admissions of the opposing party. *Sherman*, 660 A.2d at 1372. Here, the Bank reasserted the Josephs' default in its motion for summary judgment, and Appellant did not dispute this allegation in his response. Thus, the Bank's allegation of default is deemed admitted. *See Sherman*, 660 A.2d at 1372.

In his second argument, Appellant contends that the Bank lacks standing to prosecute this action because Wells Fargo Home Mortgage owns the mortgage and the loan instead of the Bank. According to Appellant, the fact that the May 11, 2016 and November 22, 2016 letters were from Wells Fargo Home Mortgage instead of the Bank demonstrates that the Bank no longer owns the Mortgage or Loan and lacks standing to bring this action. We disagree. Both letters expressly state that Wells Fargo Home Mortgage is a division of the Bank. A bank division is part of the bank, not a separate legal entity capable of bringing an action on its own. *Cf. AK Steel Corp. v.*

*Viacom, Inc.*, 835 A.2d 820, 824 (Pa. Super. 2003) (citation omitted) ("a division of a corporation is not a separate legal entity capable of being sued"). Because, as a matter of law, Wells Fargo Home Mortgage is part of the Bank itself, the Bank did not sell or transfer the mortgage to another party, and it has standing to bring this foreclosure action.

We consider Appellant's third and fourth arguments together, because they both concern whether the Bank violated 38 C.F.R. § 36.4278(g), a regulation governing veterans affairs, and a TILA statute, 15 U.S.C. § 1641(g). First, Appellant fails to demonstrate that 38 C.F.R. § 36.4278(g) applies to him. Section 36.4278 falls within the section 36.4200 series of regulations, a series "applicable to each loan entitled to guaranty under 38 U.S.C. 3712." 38 C.F.R. § 36.4201. Section 3712 in turn governs loans to veterans for the purpose of purchasing "manufactured homes" and "lots." A "manufactured home" is defined as "[a] movable dwelling unit designed and constructed for year-round occupancy on land by a single family, which dwelling unit contains permanent eating, cooking, sleeping, and sanitary facilities." 38 C.F.R. § 36.4202. A "lot" is defined as "[a] parcel of land acceptable to the Secretary [of Veterans Affairs] as a manufactured home site." *Id.* Section 36.4278(g) prescribes the procedures that creditors should follow in collection actions against veterans who default on payments for manufactured homes or lots. Here, Appellant failed to present any evidence that the Property has a manufactured home or is a parcel of land acceptable to the Secretary of

Veterans Affairs as a manufactured home site. Thus, as a matter of law, section 36.4278(g) is inapposite.

Neither did the Bank violate 15 U.S.C. § 1641(g), which provides that "[within thirty days] after a mortgage loan "is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." Appellant claims that this statute was violated because he was not notified that the Bank transferred or assigned the Loan to Wells Fargo Home Mortgage within thirty days after the transfer or assignment. As discussed above, however, Wells Fargo Home Mortgage is a division of the Bank, not a "new owner or assignee" of the Loan subject to section 1641(g). Thus, as a matter of law, there was no violation of section 1641(g).[2]

Finally, Appellant argues that the trial court erred by denying his motion to amend his answer to include (1) affirmative defenses of lack of standing to sue and violations of the aforementioned TILA statute and Veterans' Administration regulations, and (2) a counterclaim for violation of the TILA statute. Although the court generally should exercise its discretion to permit amendments, it need not permit amendments where they would be an exercise in futility, that is, "where a party will be unable to state a claim on

_____

[2] Because we hold that these defenses fail as a matter of law, we need not address the Bank's argument that Appellant waived these defenses by failing to raise them in his answer to the complaint.

which relief could be granted . . ." *Schwartzwaelder v. Fox*, 895 A.2d 614, 621 (Pa. Super. 2006) (citation omitted). As explained above, the defenses and claims Appellant sought leave to add—lack of standing, violation of the TILA statute, and violation of the Veterans Administration regulations—fail as a matter of law. Therefore, the trial court properly denied Appellant's motion to amend.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/18