J-A14037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MCDONALD BUILDING COMPANY LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WALNUT PARK PLAZA LLC | : | |
| | : | |
| Appellee | : | No. 2296 EDA 2017 |

Appeal from the Order Entered June 27, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No.:  160500067

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 19, 2018**

Appellant, McDonald Building Company LLC, appeals from the trial court's order entering summary judgment in favor of Appellee, Walnut Park Plaza LLC, in this mechanics' lien action.  We affirm.

We take the following relevant facts and procedural history from the trial court's December 20, 2017 opinion, and our independent review of the record. Because this case involves a tortuous background, we recite only those facts pertinent to our disposition.

Appellee owns Walnut Park Plaza, an apartment complex located on Walnut Street in Philadelphia, which provides housing for low-income senior

_____

* Retired Senior Judge assigned to the Superior Court.

citizens.[1]   Appellant is a commercial/general contractor and construction manager.[2]   On July 2, 2012, Appellant entered into a contract with Appellee to provide labor and materials for work relating to roof repairs and to make eleven apartment units compliant with the Americans with Disabilities Act.[3] Mr. Corey signed the contract on behalf of Appellee.

Appellant completed performance on the project on March 15, 2013. Between November 2012, and June 2013, MCAP IV wired numerous payments to Appellant, totaling $1,101,502.67.[4]   Appellant paid all of its subcontractors in full for their work on the project.

_____

[1] Appellee is owned by a limited partnership known as Walnut Housing Associates 2003 Limited Partnership.  The partnership was composed of MCAP Walnut Housing LLC (the general partner) and Boston Financial Investment Management, LP (the limited partner).  The general partner consisted of a single entity, MCAP II.  Richard Corey controlled MCAP Walnut Housing, MCAP II, and an entity called MCAP IV.

Mr. Corey and the MCAP entities are involved in a New York action alleging their self-dealing and gross negligence while controlling the apartment complex.

[2] Paul McDonald is the founder and president of Appellant.

[3] 42 U.S.C.A. §§ 12101-12213.

[4] On November 12, 2012, Paul McDonald sent an email to his counsel regarding the project, stating,

> . . . [T]he attached document is being requested by the Owner of one [of] our project[s].  They have not closed on permanent financing.  They would like to pay us out of another fund and treat it as a "loan" until they close.

On May 1, 2013, Appellant filed a mechanics' lien on Appellee. It filed an amended lien on June 17, 2013. On April 29, 2016, Appellant filed a complaint against Appellee to enforce the amended mechanics' lien. The parties filed cross motions for summary judgment in February 2017. On June 27, 2017, the trial court granted Appellee's motion for summary judgment, denied Appellant's motion for summary judgment, and entered judgment in favor of Appellee. This timely appeal followed.[5]

Appellant raises the following issues for our review:

1. Should [Appellant's] motion for summary judgment have been granted and the motion for summary judgment of [Appellee] denied, because [Appellant] satisfied all requirements to obtain judgment on its mechanics lien claim pursuant to the Mechanics' Lien Law of 1963, 49 P.S. § 1101 *et seq.*?

2. Should [Appellant's] motion for summary judgment have been granted and [Appellee's] motion for summary judgment denied because the evidence of record demonstrates that: (a) [Appellant] was not paid all debts due by the owner, [Appellee] (b) payments from Municipal Capital Appreciation Partners IV ("MCAP IV") to

_____

(Appellee's Motion for Summary Judgment, Exhibit F). This "loan" agreement was memorialized in a letter dated November 16, 2012, signed by Mr. Corey as manager of MCAP IV and Paul McDonald on behalf of Appellant. (**See** Appellant's Motion for Summary Judgment, Exhibit K). In an email dated April 25, 2013, Mr. McDonald advised his counsel that "[T]his is a weird one. We have actually already been paid every invoice except the last one and retainage via a 'loan' from another fund (MCAP IV) of the same Owner. Basically a different partnership. . . ." (Appellee's Motion for Summary Judgment, Exhibit J, at 3).

[5] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. It entered an opinion on December 20, 2017. **See** Pa.R.A.P. 1925.

[Appellant] were not for the benefit of [Appellee], and (c) MCAP IV's payments to [Appellant] were made pursuant to a loan?

3. Does [Appellant] have standing to assert a mechanics' lien claim, where [it] has not been paid by the owner, [Appellee], all debts due for the improvements [Appellant] made to [Appellee's] property?

(Appellant's Brief, at 2-3) (unnecessary capitalization omitted).

We will address Appellant's issues together, because they are related.[6] The crux of Appellant's argument is that the trial court failed to apply mechanics' lien law properly in granting summary judgment in favor of Appellee. (*See id.* at 19, 30). It posits that the "question on this appeal is whether there is debt due by [Appellee], as owner, to [Appellant], as contractor." (*Id.* at 22; *see id.* at 25, 34). It contends that because it received funds from MCAP IV, the debt owed by Appellee is not satisfied. (*See id.* at 29, 32, 35). It characterizes the monies it received from MCAP IV as a loan, and asserts that it must repay MCAP IV with funds obtained from Appellee. (*See id.* at 22-23; *see also supra*, at *2-3 n.4).[7] Appellant's claims do not merit relief.

_____

[6] Moreover, the argument section of Appellant's brief fails to conform to its statement of the questions involved. **See** Pa.R.A.P. 2116, 2119(a); (***see also*** Appellant's Brief, at 2-3, 19-35).

[7] The trial court dismissed this characterization of the November 16, 2012, letter agreement as a loan out of hand, explaining:

[Appellant] refers to this agreement as a "loan agreement", however, absent from the agreement is rate of interest, a payment schedule, and an absolute obligation for [Appellant] to repay MCAP IV. The agreement specifically states, "[Appellant's]

Our standard of review with regard to the trial court's grant of summary judgment is as follows:

> The Pennsylvania Rules of Civil Procedure authorize parties to move for summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1).
>
> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.
>
> On appellate review, then, an appellate court may reverse a grant of summary judgment if there

---

liability for repayment of the Loans shall be limited to and payable out of [Appellee's] payments to [Appellant] and [Appellant's] claims against [Appellee]." (**See** Appellant's Motion for Summary Judgment, Exhibit K). No independent basis for repayment exists.

(Trial Court Opinion, 12/20/17, at 3 n.2; **see id.** at 9 n.12) (record citation formatting provided). Upon review of the record, we agree with the trial court's assessment. Mr. McDonald testified that: he signed the agreement at Mr. Corey's request so that he would be paid and could then pay his subcontractors; Appellant did not submit an application or provide any financials in connection with the interest-free loan; Appellant was not required to repay the loan if it did not obtain a judgment against Appellee; Appellant was being reimbursed for its legal fees incurred in this action; and Appellant's own financial position would not be affected by the outcome of this case. (**See** Appellee's Motion for Summary Judgment, Exhibit G, Deposition of Paul McDonald, 1/27/17, at 28-35).

has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

The party opposing the motion for summary judgment must produce evidence essential to the cause of action, without merely resting upon the allegations or denials in the pleadings. Pa.R.C.P. 1035.3(a).

***Wells Fargo Bank*, *N.A. v. Joseph***, 183 A.3d 1009, 1012 (Pa. Super. 2018) (case citations omitted).

The Mechanics' Lien Law provides, in pertinent part:

. . . [E]very improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 P.S. § 1301(a).

"[Mechanics'] liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property."

***Bricklayers of W. Pennsylvania Combined Funds*, *Inc. v. Scott's Dev. Co.***, 90 A.3d 682, 690 (Pa. 2014) (citation omitted). "Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies." ***Id.*** (citations omitted).

Pennsylvania's Mechanics' Lien Law provides for payment of all debts due associated with the labor and material costs furnished in the erection or construction. 49 P.S. § 1301. A Mechanics' Lien may be had only on a debt for work done or for materials furnished, and not for unliquidated damages for breach of a contract.

\* \* \*

. . . A Mechanics' Lien is a statutorily created lien for the purpose of securing priority for payment for work performed or materials provided in erecting or repairing a building. . . .

A Mechanics' Lien creates a lien, which is **limited by statute to amount owed for work and materials**, plus, through decisional law, profits. A mechanics' lien is not the basis for recovery of unliquidated damages for breach of contract, and a mechanics' lien proceeding is not intended to settle the contractual obligations of the parties. . . .

*Wyatt Inc. v. Citizens Bank of Pennsylvania*, 976 A.2d 557, 570 (Pa. Super. 2009) (case citations omitted; emphasis added).

Here, the trial court determined that because the evidence established that Appellant had been paid in full for all work performed and materials provided during the construction project, the mechanics' lien is satisfied. (**See** Order, 6/27/17, at 1 n.1; Trial Ct. Op., at 7). Upon review, we agree.

Specifically, Paul McDonald testified as follows:

Q. Now, do you have an understanding as to whether [Appellant] received funds in connection with each of the ten applications that were presented to the owner?

A. I do believe that [Appellant] received funds that . . . corresponded to the ten applications for payment that were submitted.

Q: And do you know the total amount of the sums that were received in connection with the ten applications?

- 7 -

A: The—I believe that the total amount received was equal to the total amount invoiced, including the change orders and retainage.

\*     \*     \*

Q. **Does [Appellant] consider itself whole in connection with the amounts that have been invoiced in connection with this project**?

A. **Yes**.

(Appellee's Motion for Summary Judgment, Exhibit D, Deposition of Paul McDonald, 12/15/15, at 43-44) (emphasis added). Mr. McDonald further testified that Appellant paid all of its subcontractors in full for their work on the project. (**See id.** at 48, 85).

Thus, the record reflects that Appellant is not a "person[] who [has not been] paid (or fully paid), [for its] labor or material to improve a piece of property[,]" and it is not entitled to the protection of a mechanics' lien. **Bricklayers of W. Pennsylvania Combined Funds**, **Inc.**, **supra** at 690 (citation omitted). The debt previously protected by a statutorily created mechanics' lien was limited "to [the] amount owed for work and materials"; because Appellant has been paid in full, there is no amount owed for work and materials, and the lien is now extinguished. **Wyatt Inc. supra**, at 570 (citation omitted). Therefore, we conclude that the trial court did not err or

abuse its discretion in entering summary judgment in favor of Appellee. ***See***

***Wells Fargo Bank***, ***N.A.***, ***supra*** at 1012.[8]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/18

---

[8] For the sake of completeness, we note that we find Appellant's suggestion that the court erred in entering summary judgment on the basis of Appellant's lack of standing disingenuous.  (***See*** Appellant's Brief, at 27-29).  A review of the trial court's order and opinion makes clear that it decided this matter based on application of mechanics' lien law, and Appellant takes its reference to standing out of context.  (***See*** Order, 6/27/17, at 1 n.1; Trial Ct. Op., at 6-9).