J-A19013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOOR SERVICE, INC. | : | |
| | : | No. 3274 EDA 2018 |
| Appellant | : | |

Appeal from the Judgment Entered October 15, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2017-28092

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED NOVEMBER 19, 2019**

Door Service, Inc., stopped making payments on an installment payment agreement to Wells Fargo Equipment Finance, Inc., because software Door Services purchased from a third party with the loan money allegedly did not work as expected. Wells Fargo brought the instant lawsuit claiming that Door Services had defaulted on its obligation under the agreement, and owed over $50,000 in principal, interest, and late fees. The installment payment agreement between the parties contained a disclaimer of any lender liability arising from the software purchased with the loan. It also contained a forum selection clause choosing Pennsylvania as the chosen forum for future lawsuits.

_____

[*] Former Justice specially assigned to the Superior Court.

After Door Services filed its answer, Wells Fargo filed a motion for summary judgment, which the trial court granted. Appellant asserts the trial court erred by granting of summary judgment. We affirm on the basis of the trial court opinion.[1]

Door Services raised four issues on appeal.

1. Was it an error of law to grant a motion for summary judgment when the record showed that fact issues existed and discovery was not complete?

2. Was it an error of law not to apply Illinois law to this action under 42 P.S. 5327?

3. Was it an error of law to split the cause of action under the jurisdiction of at least two (2) states?

4. Was it an error of law to overlook the plaintiff's failure to file a motion on the sufficiency of the objections to the requests for admission?

Door Services, Inc.'s Brief, at 3 (unnecessary capitalization omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Door Services has raised on appeal. The trial court opinion properly disposes of Door Services' arguments, and we adopt it as our own. *See* Trial Ct. Op., at 3-5 (concluding that claims trial court should have applied Illinois law were waived for failing to raise before trial court and would lack merit; claim trial court erred in granting summary

---

[1] In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have not restated them at length here. *See* Trial Court Opinion, 01/01/19, at 1-2.

judgment was meritless because Wells Fargo's predecessor had no duty to investigate software; trial court properly granted summary judgment where no triable issue of fact existed, even without Door Services' responses to Wells Fargo's request for admissions).

Accordingly, we affirm on the basis of the trial court opinion.

Judgment affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL DIVISION**

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., successor by assignment to Marlin Leasing Corporation | : : : : : | NO. 17-28092 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DOOR SERVICE, INC. | : | |
| Defendant | : | |

2017-28092-0025  1/9/2019 3:52 PM # 12133382
Rcpt#Z3560035  Fee:$0.00  Opinion
Main (Public)
MontCo Prothonotary

**O P I N I O N**

**SILOW, J.**                                        **JANUARY 8 , 2019**

Door Service, Inc. ("defendant") appeals from the Order dated October 12,

2018, which granted the motion for summary judgment of Wells Fargo

Equipment Finance, Inc. ("plaintiff"). For the reasons set forth below, the

Order should be affirmed.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is the successor-in-interest to Marlin Leasing Corporation

("Marlin"). Plaintiff's Motion for Summary Judgment ("MSJ"), filed 8/1/18,

Exh. 1(B). It is a Minnesota corporation registered to do business in

Pennsylvania.

Defendant is an Illinois corporation that entered into an installment

payment agreement ("agreement") with Marlin in March 2016 to finance

defendant's acquisition of certain software and related services from non-party

Advanced Systems Group, Inc. ("ASG"). MSJ, Exh. 1(A). The agreement



required defendant, *inter alia*, to make 60 monthly payments of $1,110.03 to Marlin. *Id.* It also contained a disclaimer by Marlin of any liability relating to the software defendant purchased from non-party ASG, and a provision requiring that suits relating to the agreement be brought exclusively in Pennsylvania state or federal court. *Id.* at ¶¶ 4(a)-(c), 18.

Plaintiff brought the instant lawsuit in Montgomery County in December 2017, alleging defendant had defaulted on its payment obligation under the agreement. The complaint alleged a balance owing of $50,050.42, which included principal, late fees and interest as of November 30, 2017.

Defendant, through counsel, filed an answer to the complaint with new matter. Plaintiff answered the new matter and later filed a motion for summary judgment, which this court granted. Defendant appealed and produced a statement of issues under Pennsylvania Rule of Appellate Procedure 1925(b).

## II. ISSUES

Defendant's statement of issues, as recast here, appears to raise the following issues:

> 1. Whether the product defendant obtained with the financing provided by plaintiff did not work for its intended purpose?
>
> 2. Whether Illinois law applies to this case?
>
> 3. Whether the case belongs in Illinois?
>
> 4. Whether, under Illinois law, plaintiff's predecessor-in-interest had a duty to determine if the product defendant purchased worked for its intended use?

2

5.      Whether defendant received proper credit for loan payments?

6.      Whether fact issues preclude the entry of summary judgment?

## III.   DISCUSSION

### 1.      This court properly entered summary judgment in favor of plaintiff.

A party may move for summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa. R.Civ.P. 1035.2(1). The Pennsylvania Superior Court further has explained that:

> [w]hen considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Wells Fargo Bank, N.A. v. Joseph*, 183 A.3d 1009, 1012 (Pa. Super. 2018), *reargument denied* (May 11, 2018) (citation omitted). "The party opposing the motion for summary judgment must produce evidence essential to the cause of action, without merely resting upon the allegations or denials in the pleadings." *Id.* (citing Pa. R.Civ.P. 1035.3(a)).

The claims made by defendant in paragraphs two and three of its statement of issues have been waived. Pa. R.A.P. 302 (issues not raised before the trial court are waived on appeal). Defendant did not develop them in its

3

answer to the motion for summary judgment or its one-page memorandum of law.[1] Moreover, the parties' agreement expressly provides for jurisdiction in Pennsylvania. Defendant has come forward with no evidentiary basis to override that contractual agreement. As such, to the extent the issues are not waived, they lack merit.

Similarly, the issues contained in paragraphs one and four fail for lack of development. Defendant presented no basis in its opposition to the motion for summary judgment for the proposition that plaintiff's predecessor had a duty to investigate the product for which it was providing financing.

Defendant's last two issues may be read to challenge this court's determination that no triable issue of fact exists. The summary judgment record detailed above makes clear, however, that (1) plaintiff is the successor-in-interest to Marlin, (2) Marlin extended financing to defendant for the latter's acquisition of software and related services from third-party ASG, (3) Marlin disclaimed any liability related to the purchase, (4) the parties agreed to have suits related to the finance agreement heard in Pennsylvania and (5) defendant breached its repayment obligation under the financing agreement, leaving an amount due of $50,050.42 in principal, interest and late fees.

To the extent defendant asserts in its statement of issues that plaintiff did not give it proper credit on payments made, the claim is waived because

---

[1] While defendant filed a "Praecipe Notice of Illinois Law" on January 8, 2018, it made no reference to Illinois law whatsoever in its answer to the motion for summary judgment or its memorandum of law. Indeed, defendant's scant citations in its answer and memorandum were to Pennsylvania Superior Court decisional law and Pennsylvania Rules of Civil Procedure.

4

defendant did not make such an argument in its answer to the motion for summary judgment or its memorandum of law. Moreover, defendant has not come forward with evidence of which, if any, payments were not properly credited. Indeed, in response to the allegation in plaintiff's complaint regarding the amount due (Complaint, 12/4/17, ¶ 11), defendant merely asserted it was not in default, and did not contest plaintiff's calculation of the amount due.

Finally, defendant contends this court could not grant summary judgment based on its objections to plaintiff's requests for admissions. The summary judgment record detailed above, including the pleadings and exhibits attached to the complaint, makes clear plaintiff's entitlement to relief, even without reference to defendant's responses to plaintiff's requests for admissions.

## III. CONCLUSION

Based upon the foregoing, the Order granting plaintiff's motion for summary judgment should be affirmed.

BY THE COURT:

_____
GARY S. GLOW, J.

Sent on 1/9/19 to:
Prothonotary (Original)
Phillip D. Berger, Esq.
John J. O'Brien, Esq.

_____
Judicial Assistant

5