J-S07033-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-AC4 ASSET-BACKED CERTIFICATES, SERIES 2005-AC4 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JACQUELINE SMITH, | : | |
| Appellant | : | No. 1452 EDA 2019 |

Appeal from the Order Entered April 9, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No.: 2016-22680

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-AC4 ASSET-BACKED CERTIFICATES, SERIES 2005-AC4 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JACQUELINE SMITH, | : | |
| Appellant | : | No. 1483 EDA 2019 |

Appeal from the Order Entered April 9, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No.: 2016-22680

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 03, 2020**

Jacqueline Smith (Appellant) appeals *pro se* from the orders entered April 9, 2019, denying her motion for summary judgment and granting the motion for summary judgment filed by U.S. Bank National Association (U.S.

*Retired Senior Judge assigned to the Superior Court.

Bank), as trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC4 Asset-Backed Certificates Series 2005-AC4 (Trust).[1] Upon review, we affirm.

In 2005, Appellant purchased a home at 55 Hilldale Road, Cheltenham, Montgomery County (the Property), with the aid of a $202,400 loan secured by a mortgage from Alterna Mortgage Company (Lender). The mortgage listed Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, acting solely as nominee for Lender, and its successors and assigns. Mortgage, 3/30/2005, at 1. On June 25, 2010, Appellant signed a loan modification agreement, which listed EMC Mortgage Corporation as the servicer for mortgagee U.S. Bank, as trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset-Back Certificates, Series 2005-AC4 (LLC). Complaint, 9/14/2016, at Exhibit D (Loan Modification Agreement, 6/25/2010). Pursuant to a pooling and servicing agreement, LLC was depositor for Trust, and U.S. Bank served as trustee to Trust. *Id.* at Exhibit D (Affidavit of Select Portfolio Servicing, Inc., at Exhibit 1 (Limited Power of Attorney Exhibit A)). On November 8, 2013, MERS assigned the mortgage to U.S. Bank, as trustee for LLC. U.S. Bank's Motion for Summary Judgment, 5/11/2018, at Exhibit C (Recorder of Deeds and Assignment of Mortgage, 11/8/2013).

---

[1] This Court *sua sponte* consolidated the appeals at 1452 EDA 2019 and 1483 EDA 2019.

In January 2015, Appellant stopped making mortgage payments. On September 14, 2016, U.S. Bank, as trustee for Trust, filed a complaint in mortgage foreclosure against Appellant. Appellant *pro se* filed an answer and new matter alleging *inter alia*, that U.S. Bank lacked standing because it was not in possession of the original note, that U.S. Bank had failed to send the requisite pre-foreclosure notice,[2] and that the mortgage documents were materially altered and Appellant's signature was forged. Regarding her standing allegation, Appellant argued that U.S. Bank, as trustee for Trust, lacked standing to bring the foreclosure action because the mortgage was assigned to U.S. Bank, acting as trustee for LLC. **See** Answer and New Matter, 10/19/2016, at ¶¶ 45-50.

---

[2] The Homeowner's Emergency Mortgage Assistance Act (Act 91), 35 Pa.C.S. §§ 1680.401c-1680.412c, requires pre-foreclosure notice be given to a mortgagor as follows.

> Act 91 requires a mortgagee who desires to foreclose to send notice to the mortgagor advis[ing] the mortgagor of his delinquency ... and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency ... by restructuring the loan payment schedule or otherwise. [T]he purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished.

**Wells Fargo Bank N.A. v. Spivak**, 104 A.3d 7, 15 (Pa. Super. 2014) (citations and quotation marks omitted).

- 3 -

On December 6, 2017, U.S. Bank, as trustee for Trust, filed a motion for partial summary judgment as to Appellant's allegations of forgery on the mortgage documents. In support thereof, it submitted, *inter alia*, an affidavit from the notary public who witnessed the settlement for the purchase of the Property. In response, Appellant argued, *inter alia*, that the motion should be denied because she believed U.S. Bank was not in possession of the original note. **See generally** Appellant's Response, 1/10/2018.

On May 11, 2018, U.S. Bank, as trustee for Trust, filed a motion for summary judgment, which was supported by, *inter alia*, copies of the original mortgage and note signed by Appellant; the assignment of the mortgage to U.S. Bank, as trustee for LLC, and the recorder of deed's forms showing the recording of the assignment; copies of the Act 91 notices sent to Appellant; and an affidavit by U.S. Bank's counsel that it was currently in possession of the original note and that Appellant had been in default of her payment obligations since January 15, 2015. Based thereon, U.S. Bank sought an *in rem* judgment of foreclosure.

On June 12, 2018, Appellant *pro se* filed a motion for summary judgment, alleging that plaintiff U.S. Bank, as trustee for Trust, was not the real party in interest on the mortgage; there was no assignment of the mortgage to U.S. Bank, as trustee for Trust; and U.S. Bank had failed to provide the required Act 91 notices. On June 26, 2018, U.S. Bank filed a

reply. On January 31, 2019, Appellant requested that the trial court take judicial notice of U.S. Bank's lack of standing to foreclose on the Property based on the argument that the mortgage was assigned to U.S. Bank, as trustee for LLC, not the plaintiff, U.S. Bank, as trustee for Trust. Appellant's Request for Mandatory Judicial Notice, 1/31/2019, at ¶¶ 38-44.

On April 5, 2019, the trial court granted U.S. Bank's motion for partial summary judgment and found that the mortgage was a valid lien against the Property. On April 9, 2019, the trial court entered two orders: one denying Appellant's motion for summary judgment, and one granting U.S. Bank's motion for summary judgment and entering an *in rem* judgment against Appellant and in favor of U.S. Bank in the amount of $275,458.78 plus interest and costs.

This timely-filed appeal followed.[3] On appeal, Appellant argues that the trial court erred in granting U.S. Bank's motion for summary judgment and denying Appellant's motion for summary judgment because, according to Appellant, U.S. Bank lacked standing to foreclose on the mortgage. Appellant's Brief at 1.[4]

_____

[3] Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

[4] Although Appellant lists four questions for this Court to resolve in the statement of questions section of her brief, she only presents two issues in her argument section. **Compare** Appellant's Brief at 1-2 (Statement of Questions Involved) **with id.** at 3-6 (Argument). The first three questions
*(Footnote Continued Next Page)*

> The Pennsylvania Rules of Civil Procedure authorize parties to move for summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1).

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

all relate to her first argument that the trial court erred in entering the April 9, 2019 orders because U.S. Bank lacked standing to foreclose on the mortgage. ***See id.*** at 1, 3-5. Appellant's second argument on appeal is that the trial court exhibited bias and prejudice against Appellant when it failed to grant Appellant's request for judicial notice. ***Id.*** at 5-6. Because Appellant failed to raise this claim in her Pa.R.A.P. 1925(b) statement, it is waived. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (holding that any issues not raised in an ordered Rule 1925(b) statement are waived on appeal).

> ***Summers v. Certainteed Corp.***, [] 997 A.2d 1152, 1159 ([Pa.] 2010) (internal citations and quotation marks omitted). The party opposing the motion for summary judgment must produce evidence essential to the cause of action, without merely resting upon the allegations or denials in the pleadings. Pa.R.C.P. 1035.3(a).

***Wells Fargo Bank, N.A. v. Joseph***, 183 A.3d 1009, 1012 (Pa. Super. 2018).

Here, Appellant claims that U.S. Bank was not in possession of the original note and lacked standing to proceed in the foreclosure action. Specifically, Appellant argues as follows, verbatim.

> The Note presented in this case has been specially indorsed to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I **LLC**, ASSET BACKED CERTIFICATES, SERIES 2005-AC4[.] Appellee is U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I **TRUST**, ASSET BACKED CERTIFICATES, SERIES 2005-AC4. Appellee is a Trust but the Note was specially indorsed to a [*sic*] LLC.

Appellant's Brief at 4 (emphasis added).

U.S. Bank responds that this minor naming discrepancy is insufficient to support Appellant's standing argument, and that the trial court did not err in granting summary judgment in U.S. Bank's favor. U.S. Bank's Brief at 12. According to U.S. Bank, Appellant "presented no evidence to dispute the fact that U.S. Bank, as Trustee, is the holder of the Note and assignee of the Mortgage." ***Id.*** at 14. Rather, U.S. Bank contends that the record supports the trial court's conclusion that U.S. Bank had standing to foreclose on the

mortgage and was the real party in interest in the underlying action. ***Id.*** at 15 ("The record conclusively establishes that U.S. Bank, as Trustee, is the sole owner and holder of the Note and that it sufficiently averred its ownership of the Mortgage.").

In support of its orders, trial court found as follows.

U.S. Bank[] has fully supported with conclusive evidence the fact that the mortgage was assigned to it in 2011.[5]  Likewise, U.S. Bank has provided evidence through an affidavit the fact that it is in possession of the original note which is being held by its counsel.  As the assignee of the mortgage and the holder of the note, U.S. Bank had the legal right to file a foreclosure lawsuit.

***

[Appellant] presented no evidence to challenge the fact that she has defaulted in her mortgage payments.  Rather, [Appellant] presents unclear arguments as to U.S. Bank's standing and unsupported averments as to the Act 91 notice. [Appellant's] responses to the pleadings and to the motions filed do not alter U.S. Bank's right to relief.  The loan modification signed by [Appellant] in 2010 indicated that [] U.S. Bank[] was the mortgag[ee] in this lawsuit.  Thus, [Appellant] was aware of U.S. Bank's status as mortgagee since 2010.  No evidence has been put forth by [Appellant] to support her claim that U.S. Bank is not the proper party to bring this mortgage foreclosure lawsuit.

Trial Court Opinion, 7/9/2019, at 4 (citation omitted).

_____

[5] In its recitation of the factual background and procedural history, the trial court mistakenly states that the mortgage was assigned to U.S. Bank on November 1, 2011.  Trial Court Opinion, 7/9/2019, at 1.  It is clear from our review of the record that the assignment, dated November 1, 2013, was recorded on November 8, 2013.  This dating error does not detract from the trial court's ultimate conclusion.

We begin our analysis with a discussion of real parties in interest in the mortgage foreclosure context.

> Pennsylvania Rule of Civil Procedure 2002 provides, "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. No. 2002(a); ***see also J.P. Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1258 (Pa. Super. 2013) (finding a debtor's claim that appellee bank was not a real party in interest to bring foreclosure action was a challenge to appellee's standing). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful. ... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." ***U.S. Bank, N.A. v. Mallory***, 982 A.2d 986, 993-[]94 (Pa. Super. 2009) (citation and quotation marks omitted; some brackets in original).
>
> In a mortgage foreclosure action, the mortgagee is the real party in interest. ***See Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 922 n.3 (Pa. Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. No. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. …
>
> The rules relating to mortgage foreclosure actions do not expressly require that the existence of the note and its holder be pled in the action. Nonetheless, a mortgagee must hold the note secured by a mortgage to foreclose upon a property.

***Bayview Loan Servicing LLC v. Wicker***, 163 A.3d 1039, 1044-45 (Pa. Super. 2017) (some citations omitted) (quoting ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa. Super. 2016)).

In the instant case, Appellant's attempt to destroy U.S. Bank's status as a real party in interest due to a minor naming discrepancy in the assignment is unconvincing. The record established that Alterna assigned Appellant's mortgage to U.S. Bank, as trustee for LLC. U.S. Bank, as trustee for both LLC and Trust, held the note to the mortgage at the time of filing the underlying foreclosure action. Accordingly, we agree with the trial court that U.S. Bank, as trustee for Trust, had standing to bring the complaint in foreclosure against Appellant. *See Joseph*, 183 A.3d at 1012-13 (holding that because Wells Fargo Home Mortgage is part of Wells Fargo Bank, the bank had standing to bring the foreclosure action).

As there is no dispute that U.S. Bank held the original note and Appellant has not made payments on the mortgage since January 15, 2015, we find no error in the trial court's orders granting U.S. Bank's motion for summary judgment in favor of U.S. Bank and against Appellant, and denying Appellant's motion for summary judgment.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/3/20</u>